IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRAVIS JACKSON, *Individually and on behalf of all Others similarly situated,*

Plaintiff,

Case No:

v.

CREATION LAWN CARE & LANDSCAPING LLC, and ELIAS GONZALEZ-ROBLERO,

Defendants,

_____.

### COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT

Plaintiff, TRAVIS JACKSON ("Plaintiff" or "Jackson") individually and on behalf of all other similarly situated persons employed as lawn care workers, landscapers, and laborers from the period of three years preceding the filing of this complaint through the date of trial who consent to their inclusion in this collective action herein sue Defendants CREATION LAWN CARE & LANDSCAPING LLC (hereinafter referred to as "CLCL") and ELIAS GONZALEZ-ROBLERO ("GONZALEZ-ROBLERO") (collectively with CLCL, "Defendants"), pursuant to 29 U.S.C. §216(b), of the Fair Labor Standards Act (the "FLSA") and states as follows:

1

## RECITATION OF FACTS

1. Plaintiff Jackson and the class of similarly situated current and former laborers all worked for Defendants from their corporate office located in Palm Bay, Florida.

2. Plaintiff's primary duties were to perform manual labor working on landscaping and handling lawncare at residential and business properties.

3. Plaintiff Jackson, and the putative class of similarly situated employees were hourly, nonexempt employees who were not paid a premium for all hours worked over 40 in each and every work week.

4. Plaintiff and all other lawn care workers and laborers were paid only straight time for hours worked over 40 in the workweek.

5. Defendants offered no justification for their willful refusal to pay overtime premiums to hourly, non-exempt employees, including Plaintiff Jackson as mandated by the Fair Labor Standards Act.

6. Defendants have willfully and unlawfully withheld and refused to pay Plaintiff and all hourly paid laborers, overtime wages and premiums for overtime hours worked in violation of the nation's federal wage law, the FLSA.

7. Defendants willfully stole the hard-earned wages of perhaps upwards of one hundred or more of its employees over the course of the preceding 3 years for

their own financial greed, and to minimize labor costs while reaping the benefits of free labor.

8. Defendants tracked Plaintiff's work hours, and as such the hours of Jackson and all others similarly situated appear to be easily accounted for, meaning they simply owe the balance of the half time premium of each and every employee's base hourly rate of pay for all overtime hours worked, as well as double the sum in liquidated damages.

9. Defendants have willfully failed to pay Plaintiff, and all similarly situated employees in accordance with the Fair Labor Standards Act (FLSA). Specifically, Plaintiff and all other similarly situated employees were not paid premium pay (aka overtime wages) for all hours worked in excess of forty (40) hours per week.

10. Plaintiff Jackson, and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendants' pay practices are not only unfair, but blatantly unlawful under the FLSA.

11. In this pleading, the term "laborers" means any employee of Defendants working under the various titles of: lawn care worker, landscaper, laborer, or helper who used their hands and performed manual labor.

12. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## Jurisdiction & Venue

13. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1331*, because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

14. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

15. This Court has personal jurisdiction over the Defendants, because the Defendants operate substantial business in Brevard County, Florida and the damages at issue occurred within this District, where Defendants maintained an office throughout the relevant time period.

16. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this District as Plaintiff was hired from, supervised from and his work was directed by officers and managers from Defendants' fixed office located at, 1635 Fallon Blvd. NE, Palm Bay, FL 32907.

17. The overtime wage provisions set forth in FLSA § 207 apply to Defendants. Defendants earned more than $500,000 in revenue during the years relevant years.

**The Parties**

*Representative Plaintiff, Travis Jackson*

18. Travis Jackson resides in Florida. He was first hired to work for Defendants as an hourly paid, non- exempt employee under the title of lawn care worker in November 2020, working from and reporting to the Palm Bay, Florida office, and to Defendant ELIAS GONZALEZ-ROBLERO.

19. Plaintiff's work was routine and standardized, and consisted of manual labor working outdoors and at homes and businesses.

20. Plaintiff was paid an hourly base rate of pay of $15.00 per hour.

21. Plaintiff routinely worked overtime hours, approximately 5 per week, and was paid just straight time, meaning his regular rate of pay for any hours over 40 in a workweek.

22. The hours are recorded and contained in Defendants' business records.

**The Defendants**

23. Defendant CLCL is a for profit Florida company with principal offices located at Palm Bay, Florida. Defendant CLCL may be served through its

designated registered agent, and co-Defendant, Elias GONZALEZ-ROBLERO located at the same corporate office.

24. Upon information and belief, CLCL employs approximately 30 or more, hourly paid laborers similar to Jackson or more employees working at or reporting to the same Palm Bay corporate office.

25. Defendant CLCL is an employer within the definition of the FLSA, as it has revenues exceeding $500,000 annually in all applicable time periods and employs more than 2 employees.

26. Given turnover, Plaintiff estimates that the putative class of similarly situated persons to be in the range of 120 persons who worked as hourly paid laborers within the preceding 3 years from the filing of this complaint.

27. CLCL was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d).

28. Defendant, Gonzalez-Roblero is the CEO, director, managing member, and upon information and belief, is the majority LLC member of Defendant CLCL.

29. Defendant Gonzalez-Roblero, as the CEO has operational and day to day control over the business of CLCL and as such is an employer of Plaintiff and all those similarly situated as defined under section 203d of the FLSA.

30. Defendant Gonzalez-Roblero is also the person who created, instituted, and maintained the unlawful pay practices complaint of, and who alternately directs the work of Plaintiff and all other laborers.

### General Collective Action Allegations

31. This collective action arises from a longstanding and ongoing, unlawful scheme by Defendants to willfully underpay and refusal to pay overtime wages to the largest class of its employees and workers, the hourly paid, manual laborers, who Defendants knew, and knows still up through the filing of this complaint, routinely worked overtime hours without being paid the required premiums for all overtime hours worked.

32. Defendants' unlawful pay practice applicable to all hourly paid laborers consisted of willfully paying them only straight time, without premiums, for hours worked over 40 in each and every workweek.

33. Defendants created and maintained this overtime wage scheme for pure greed and to save millions of dollars in labor costs, all to the detriment of its laborers, who slaved away working long hours in the hot Florida Sun, without being paid a fair day's wage for their hard work, and as to which Defendants benefit from. Absent the laborious work of Plaintiff and all others similarly situated, Defendants would have no income, no revenues and certainly no business or customers.

34. Defendants no doubt made a calculated, willful decision to refuse to pay overtime wages under the risk that even if someone or many eventually made a claim for overtime wages, they would have benefited financially from the additional sweat and work of extra unpaid hours of its laborers, and the fact that the statute of limitations would run on claims before many would even assert their rights under the FLSA.

35. As is often stated by courts in similar FLSA overtime wage cases over the last 70 years, this is the classic case of refusal to pay overtime premiums and a SCHEME of an employer to avoid its mandatory overtime pay obligations under the FLSA.

36. Here, Jackson and all other similarly situated laborers were not being paid a fair wage for a fair day's work as the FLSA mandates and for which it was created.

37. The FLSA mandates and obligates that Defendants pay its hourly paid employees overtime premiums when it has any knowledge the employees are working more than 40 hours in any workweek. There is no obligation on the part of the employee to demand the increased pay or to even request it.

38. Here, Defendants have maintained for many years the application of these unlawful pay practices complained of and engaged in a campaign of disinformation or intentionally keeping silent about the FLSA overtime pay

8

requirements of time and one-half premiums required to be paid to its hourly paid laborers.

39. Defendants, throughout the preceding 3 years of the filing of this Complaint and currently as well, have been well aware of their laborers, including Plaintiff, routinely working overtime hours without being paid for all hours worked.

40. Upon information and belief, all laborers working from or reporting to Defendants' corporate office in Palm Bay, Florida were paid straight time, and not overtime premiums for hours worked over 40 in any workweek.

41. Plaintiff, and all other similarly situated employees are currently now or have previously been covered under FLSA §207 as employees.

42. Plaintiff routinely worked more than 40 hours in his workweeks, with the knowledge, encouragement, and behest of Defendants, but was never paid a premium for all such overtime hours worked.

**THE PUTATIVE CLASS**

43. Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class or collective of similarly situated members:

**PROPOSED PUTATIVE CLASS**

**All person employed by Creation Lawn & Landscape Care LLC as an hourly paid laborer anytime within the three years preceding the filing of this lawsuit through to the date of trial.**

44. At the time of this filing, numerous other members of the putative class seek to join this action and demonstrate that there are others similarly situated who seek to join and claim their overtime wages.

45. Plaintiff is able to protect and represent the Collective or putative Class, and is willing and able, and consents to doing so.

46. Plaintiff is a proper Class representative of all those similarly situated as he was employed by Defendants as an hourly paid, non-exempt laborer, and routinely worked overtime hours without being paid a premium for all hours worked during 2020, 2021 and 2022.

47. Upon information and belief, Defendants employed 40 to 50 laborers at any given time working from the Florida corporate office, not including those who worked remotely of from other offices.

48. Upon information and belief, during the preceding 3 years all Laborers were not paid premiums for all overtime hours worked.

49. All laborers within this class described herein are now, and at all times within the preceding 3 years of the filing of this complaint were treated as non-exempt hourly paid employees and who were routinely working overtime hours with the knowledge of the Employer.

## *COUNT I*

## *VIOLATIONS OF FLSA §207 FAILURE TO PAY OVERTIME PREMIUMS*

50. Plaintiff alleges and incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

51. Defendants have willfully and intentionally engaged in a common company practice of violating the provisions of the FLSA, by failing to pay overtime premiums to all hourly paid laborers as required pursuant to the FLSA's overtime wage provision, Section 207.

52. Plaintiff and the proposed class of similarly situated laborers were unlawfully and willfully denied overtime premiums for all hours worked over 40 in each and every workweek, pursuant to FLSA §207. Defendants paid Plaintiff Jackson and all others similarly situated only straight time or their regular rate for overtime hours worked.

53. Plaintiff and all those similarly situated are and were employees of Defendants during their time as contemplated by 29 U.S.C. § 203.

54. Defendants do not and cannot have a good faith basis for failing to pay Plaintiff and all others similarly situated overtime premiums, as the law is well settled that hourly paid employees must be paid premiums of overtime hours worked which Defendants knew about or had reason to know about.

55. Plaintiff, and the class of similarly situated, are thus entitled to an equal sum in overtime wages owed as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

56. As a result of Defendants' willful violations of the FLSA, Plaintiff and the proposed putative class of similarly situated have suffered economic damages.

57. Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the claims of all those similarly situated pursuant to *29 U.S.C. §255(a)*.

58. As a result of Defendants' unlawful acts and pay practices complained of herein, Plaintiff and all other similarly situated present and former employees working as hourly paid laborers have been deprived of overtime compensation in fixed and sum certain amounts; are entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated past and present Laborers who worked for Defendants in the 3 years preceding the filing of this complaint to the present, seek the following relief:

a. Designation of this action as a collective action.

b. That Plaintiff be authorized to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Laborers employed by Defendants at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for the respective class;

12

    c.    Designate the Named Plaintiff as Representatives of the Collective or Class for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to the Court's approval before making any such agreement binding.

    d.    That all past and present Laborers be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were not paid for all of their overtime compensation;

    e.    That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

    f.    That the Court find and declare Defendants' violations of the FLSA were and are willful;

    g.    That the Court enjoin Defendants, Pursuant to *29 U.S.C. § 217*, from withholding future payment of overtime compensation owed to members of the Collective or Class;

    h.    That the Court award to Plaintiff and the putative class comprised of all similarly situated employees, the balance of unpaid overtime premium pay of 1/2 each employee's regular rate of pay for all previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

    i.    That the Court award Plaintiff and all other persons who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

    j.    That the Court issue an order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendants unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendants from further violating the FLSA;

k. That the Court award Pre-judgment and post-judgment interest, as provided by law, and;

l. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

Filed this 4th day of October 2022.

*/s/Mitchell Feldman, Esq.*
Feldman Legal Group
FL Bar#: 0080349
6916 W. Linebaugh Ave #101
Tampa, Fl 33625
Tele: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff, and the class of similarly situated*